

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 20, 2026**

_____
**United States Bankruptcy Judge**

_____

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **IN RE:** | **Case No.:**     **25-43139-ELM-11** |
| **Honor Studios LLC** <br> 87-1810947 <br> 2003 Brundrette St <br> Dallas, TX 75208 | **Chapter:**     **11** |
|                           **Debtor.** | |

**ORDER CONFIRMING**
**DEBTOR'S PLAN OF REORGANIZATION**
**[DATED NOVEMBER 20, 2025], AS MODIFIED**

Came on before the Court on January 14, 2026 (the "**Confirmation Hearing**"), the *Debtor's Plan of Reorganization [Dated November 20, 2025]* [**Docket Entry No. 26**] ("**Plan**") (the Plan, as modified pursuant to the terms of this Order, referred to as the "**Modified Plan**") for confirmation consideration. No objections to confirmation of the Plan have been filed that were not withdrawn in advance of the Confirmation Hearing and no objections to confirmation of the Modified Plan were raised during the Confirmation Hearing. The Court, having considered the Plan, the Plan Modifications (as hereafter defined), the Ballot Tally (as hereafter defined), and

the other evidence presented at the Confirmation Hearing, orally stated its findings of fact and conclusions of law on the record at the conclusion of the Confirmation Hearing, which findings and conclusions are incorporated herein by reference. Capitalized terms used in this Order and not defined herein shall have their respective meanings set forth in the Modified Plan, or if not defined in the Modified Plan, as defined in the Bankruptcy Code.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A.      The Debtor commenced the subject bankruptcy case by the filing of a voluntary petition under Chapter 11 of the United States Bankruptcy Code on **August 22, 2025** (the "**Petition Date**").

B.      The Debtor filed the Plan on November 20, 2025.

C.      The deadline for the filing objections to confirmation of the Plan and for voting to accept or reject the Plan was **January 9, 2026**. *See* Docket No. 28.

D.      In advance of the Confirmation Hearing, the Debtor agreed to make certain modifications to Section 3.3 of the Plan (Priority Tax Claims) and Section 4.1 of the Plan involving the treatment of Class 1B (Secured Claim of Chase). In the case of Class 1B, such modifications are set out in paragraph 4 (on pages 6-8) of the proposed confirmation order filed at Docket Entry No. 34. Both sets of modifications are included at paragraph 4 below (collectively, the "**Plan Modifications**"). The Plan Modifications comply with Sections 1122, 1123, and 1193(a) of the Bankruptcy Code. Because the Plan Modifications do not adversely affect any Class of impaired Claims, no further solicitation shall occur and all timely cast votes on the Plan shall apply with equal force to the Modified Plan.

E.      The Debtor proposed the Modified Plan in good faith to provide for the treatment of all claims against the Debtor and this bankruptcy estate.

F.      All creditors and other parties in interest, in accordance with the orders of this Court, timely received copies of: (a) the Plan; and the (b) the *Order Setting Plan Related Deadlines and Hearing on Confirmation* [**Docket Entry No. 28**] (the "**Confirmation Procedures Order**"). Further, all such parties, in accordance with the orders of this Court, timely received appropriate notice of: (a) the time within which ballots must have been received by the Debtor; (b) the time within which objections to confirmation must have been filed; and (c) the Confirmation Hearing.

G.      The ballot summary, which was filed with the Court on **January 13, 2026** [**Docket Entry No. 33**] (the "**Ballot Tally**"), reflects the voting results tabulated by the Debtor from the timely received ballots of each Class designated under the Modified Plan.

H.      The Court has jurisdiction over this matter as a core proceeding pursuant to the provisions of 28 U.S.C. §§ 1334 and 157 (b)(2)(L) and Miscellaneous Order No. 33 of the United States District Court for the Northern District of Texas.

I.      The Modified Plan meets all requirements of §§ 1122 and 1123 of the Bankruptcy Code.

J.      Notice of the Confirmation Hearing was appropriate and complied, in all respects, with Bankruptcy Rule 2002(b).

K.      For reasons more specifically stated below, the Modified Plan complies with all pertinent provisions of § 1129 made applicable to this case by § 1191(a) of the Bankruptcy Code and with all other requirements of the Bankruptcy Code:

(1) Plan Compliance - Bankruptcy Code Section 1129(a)(1).  The Modified Plan complies with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules.

(2) Proponent Compliance - Bankruptcy Code Section 1129(a)(2).  The Debtor has complied with the applicable provisions of the Bankruptcy Code.

(3) Good Faith - Bankruptcy Code Section 1129(a)(3).  The Modified Plan has been proposed in good faith under Section 1129(a)(3) and not by any means forbidden by law.

(4) Payments - Bankruptcy Code Section 1129(a)(4).  Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Modified Plan and/or case have been approved by or are subject to the approval of this Court.

(5) Disclosures Regarding Post-Confirmation Management - Bankruptcy Code Section 1129(a)(5).  The Debtor accurately disclosed in the Modified Plan the identity and any affiliations of the individuals proposed to serve as officers and directors of Debtor after the Modified Plan is confirmed, and the compensation to be paid to such individuals after confirmation of the Modified Plan.

(6) No Rate Change - Bankruptcy Code Section 1129(a)(6).  No governmentally regulated rates are involved in this case.

(7) Best Interests of Creditors - Bankruptcy Code Section 1129(a)(7).  With respect to the impaired classes of claims or interests, each holder of a claim or interest of such classes has accepted the Modified Plan or will receive or retain under the Modified Plan on account of such claim or interest property of a value, as of the effective date of the Modified Plan, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code on such date.

(8) Acceptance of the Plan - Bankruptcy Code Section 1129(a)(8). Under the Plan, each of Classes 1A, 1B, and 3 is designated as an Impaired Class entitled to vote on the Plan. In the case of Class 1A, however, no claims exist within the Class; therefore, such Class will be disregarded for purposes of considering compliance with Section 1129(a)(8). Class 3 voted to accept the Plan. Because the Plan Modifications do not adversely affect the treatment provided to Class 3, Class 3 is also deemed to have accepted the Modified Plan. The holder of Class 1B voted to accept the Plan, subject to its modification to include the Plan Modifications. Consequently, the Debtor has satisfied the requirements of Section 1129(a)(8) of the Bankruptcy Code in relation to the Modified Plan.

(9) Priority Claims - Bankruptcy Code Section 1129(a)(9). Class 2 Priority Claims will be paid pursuant to the provisions of the Modified Plan in conformity with the requirements of Sections 1129(a)(9) and 1191(e) of the Bankruptcy Code.

(10) Class Acceptance - Bankruptcy Code Section 1129(a)(10). At least one Class of Claims that is impaired under the Modified Plan (Classes 1B and 3) has accepted the Modified Plan, determined without including any acceptance of the Modified Plan by any insider.

(11) Feasibility - Bankruptcy Code Section 1129(a)(11). The Modified Plan is feasible and the confirmation of the Modified Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtor.

(12) Fees - Bankruptcy Code Section 1129(a)(12). All fees payable under 28 U.S.C. §1930(a)(3) have been paid.

(13) Retiree Benefits - Bankruptcy Code Section 1129(a)(13). There are no retiree benefits involved in this case.

(14) Domestic Support Obligations - Bankruptcy Code Section 1129(a)(14). Section 1129(a)(14) is not applicable in this case.

(15) Individual Status - Bankruptcy Code Section 1129(a)(15). Section 1129(a)(15) is not applicable in this case.

(16) Transfer Compliance - Bankruptcy Code Section 1129(a)(16). The Plan does not contemplate the transfer of property and thereby complies with the provisions of 11 U.S.C. §1129(a)(16).

THEREFORE, based upon the foregoing findings of fact and conclusions of law.

## ORDER

**IT IS HEREBY ORDERED** that:

1. The findings set forth above and conclusions of law stated herein and as stated orally on the record shall constitute the Court's findings of fact and conclusion of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant Bankruptcy Rule 9014. To the extent any finding of fact shall later be determined to be a conclusion of law, it shall be so deemed, and to the extent any conclusion of law later shall be determined to be finding of fact, it shall be so deemed.

2. All objections, if any, if not withdrawn, waived, or settled at or prior to the hearing are overruled on the merits for the reasons stated on the record.

3. The Modified Plan is confirmed in all respects pursuant to Section 1191(a) of the Bankruptcy Code.

4. The Plan is hereby modified by the following Plan Modifications:

a. Section 4.1 of the Plan, **solely as it relates to the Class 1B – Secured Claim of Chase**, shall be deleted in its entirety and replaced with the following language:

| Class 1B - Secured Claim of **Chase** | ☑ Impaired ☐ Unimpaired | <u>Class 1B Summary</u>.  Class 1B consists of the Secured Claim of **Chase**.  **Chase** has filed a proof of claim asserting it is owed approximately **$70,018.15** (Claim No. 7).  The Allowed Class 1B Claim shall be modified as set forth herein and paid by Reorganized Debtor as follows.<br><br>**THIS PLAN TREATMENT CONSTITUTES A CLAIM OBJECTION PURSUANT TO <u>BANKRUPTCY RULE 3007</u>.**<br><br>    <u>Principal Amount</u>.  The unpaid principal balance of the Allowed Class 1B Claim is hereby allowed as an Allowed Secured Claim in the amount of **$10,000.00**.  The deficiency of **$60,018.15** shall be treated as an Allowed Class 3 Claim.<br>    <u>Interest</u>.  Simple interest shall accrue on the unpaid balance owed to the Allowed Class 1B Claim holder at the rate of 11.75% per year from and after the Confirmation Date.<br>    <u>Payments</u>.  The Allowed Class 1B Claim, plus interest thereon, shall be paid by Reorganized Debtor in consecutive monthly installments of **$225.00** commencing the first (1st) day of the first full calendar month following the Effective Date, and continuing on the same day each month thereafter until the Allowed Class 1B Claim is paid in full.<br>    <u>Maturity</u>. The maturity date shall be the first (1st) day of the 60**th** month after the first full calendar month following the Effective Date, at which time the remaining balance due and owing, if any, shall be paid in full.<br>    <u>Pre-Payment</u>.  At any time after the Effective Date, without penalty or premium, the Allowed Class 1B Claim may be prepaid, in whole or in part, in the sole discretion of Reorganized Debtor. |

<u>Collateral</u>. Except to the extent inconsistent herewith or with the law, the validity and priority of the lien and security interest securing the Allowed Class 1B Claim shall remain in full force and effect following the Effective Date.

<u>Default</u>. In the event Reorganized Debtor fails to timely pay an Allowed Class 1B Claim Reorganized Debtor shall be in default, and, subject to Section 10.4 of the Plan, the holder of the affected Allowed Class 1B Claim may pursue remedies in accordance with that section.

<u>Address for Payment</u>. Until further notice, all payments due the holder of an Allowed Class 1B Claim shall be sent to the following address set forth in the **Chase** (Claim No. 7) proof of claim.

b. Section 3.3 of the Plan is amended **solely as it relates to the Comptroller** such that the interest rate applicable to the Comptroller's claim is reduced to 7.75%.

5. The Reorganized Debtor shall serve as the disbursing agent under the Modified Plan, as requested at the Confirmation Hearing pursuant to § 1194(b) of the Bankruptcy Code, to the extent applicable.

6. Except as expressly provided otherwise under the terms of the Modified Plan, all perfected liens and security interests of any creditor shall continue to be perfected with respect to such creditor's collateral.

7. This Court shall retain jurisdiction over this case and related matters, proceedings and issues as set forth in the Modified Plan and to the fullest extent allowed by the Bankruptcy Code and applicable law, except to the extent otherwise set forth herein.

8. This Order is hereby declared to be in recordable form and shall be accepted by any recording officer for filing and recording purposes without further additional orders,

certifications or other supporting documents. Each and every federal, state, commonwealth, local, foreign or other governmental authority, agency or department is hereby directed to accept any and all documents and instruments necessary, useful or appropriate to effectuate, implement or consummate the transactions contemplated by the Modified Plan and this Order.

9. Within three (3) business days after the date of the entry of this Order, the Debtor shall mail or cause to be mailed to all Creditors who have filed a proof of claim in this case (provided such claims have not previously been disallowed), all Creditors who the Debtor has scheduled as holding a liquidated, undisputed, non-contingent claim, all parties who have filed a Notice of Appearance, all parties to rejected leases or executory contracts, and all other parties listed on the Debtor's Master Service List, notice of entry of this Order.

**### END OF ORDER ###**